**Alfonso TYLER, Plaintiff,**

and

**Zina Tyler, Plaintiff—Appellant,**

v.

**Michael J. ASTRUE, Defendant—Appellee.**

**No. 08–15275.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 15, 2009.

Filed June 4, 2009.

Maureen E. Laflin, University of Idaho, College of Law, Moscow, ID, for Plaintiff and Plaintiff–Appellant.

Alfonso Tyler, Oakland, CA, pro se.

Zina Tyler, pro se.

Shea Lita Bond, Special Assistant U.S., Social Security Administration Office of the General Counsel, San Francisco, CA, for Defendant–Appellee.

Before: SCHROEDER and D.W. NELSON, Circuit Judges, and MARSHALL,* District Judge.

## MEMORANDUM **

Zina Tyler appeals from the district court's order affirming an Administrative Law Judge's ("ALJ") decision that she is not eligible for Disabled Adult Child Benefits pursuant to 42 U.S.C. § 402(d)(1). The ALJ had determined that no medical evidence supported Tyler's contention that she was disabled prior to her twenty-second birthday.

Tyler appealed the district court's ruling, and this court appointed pro bono counsel to represent her pursuant to the court's Pro Bono Representation Project. *See* General Order 3.8. Pro bono counsel commendably pointed out to this court that certain documents submitted to the district court, which supported an early disability onset date, had been altered.

■ Social Security Regulation 83–20 requires an ALJ to call upon the services of a medical advisor if the disability onset date is uncertain. *See, e.g., Armstrong v. Comm'r of Soc. Sec. Admin.,* 160 F.3d 587, 589–90 (9th Cir.1998). In this case, however, there was no need for the ALJ to call upon those services. The altered documents undermine Tyler's assertion that she was, in fact, disabled prior to turning twenty-two. Without the altered documents, there is no medical evidence in the record supporting such an early onset date. Because Tyler's onset date was not

---

* The Honorable Consuelo B. Marshall, Senior United States District Judge for the Central District of California, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

uncertain, the ALJ was under no duty to call a medical expert to the hearing.

 Moreover, the ALJ fulfilled his duty to fully and fairly develop the record by requesting Tyler's medical records from several different facilities, suggesting the hearing be continued until Tyler could retain a new attorney, and keeping the record open after the hearing so that she could supplement the record with medical evidence. *See Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir.2001).

**AFFIRMED.**